**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| MOBIUS RISK GROUP, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-1708 |
| § | |
| GLOBAL CLEAN ENERGY HOLDINGS, § | |
| INC., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

This is a breach of contract case. On August 30, 2007, the plaintiff, Mobius Risk Group, and the defendant, Global Clean Energy Holdings, entered into an agreement under which Mobius would manage a research and production program for using seed oil as biofuels. The agreement included the startup of plant nurseries and seed-production plantations. Global Clean agreed to pay Mobius a fixed retainer of $45,000.00 per month for twelve months. The agreement provided for automatic renewal after twelve months, but either party could send notice terminating the agreement sixty days before the end of the twelve-month period or before the end of any six-month renewal period. (Docket Entry No. 1, Ex. A, Services Agreement).

Global Clean made the monthly payments from August 2007 until February 2008. The initial twelve-month period ended "in or about August 2008." (Docket Entry No. 7, at 3). Mobius alleges that because Global Clean failed to provide notice terminating the agreement sixty days before the twelve-month period expired, the agreement automatically renewed for an additional six months. Mobius asserts that it is entitled to contract damages for Global Clean's failure to pay the retainer from March 2008 until August 2008 of the initial twelve-month term, and for Global

Clean's failure to pay the retainer from August 2008 to January 2009 of the subsequent six-month term. Global Clean counterclaimed, alleging that Mobius had failed to perform the contract, causing damages "estimated at $2,936,204.70." Global Clean also argues that the parties' agreement did not renew in August 2008, despite the lack of a timely termination notice, because of Mobius's prior breach. (Docket Entry No. 25, First Amended Answer, at 3–4).

Mobius has moved for partial summary judgment on its claim that it is owed $270,000.00 for Global Clean's failure to pay the monthly retainer from March 2008 until August 2008. Mobius bases its motion on two S.E.C. Form 10-Q filings by Global Clean. (Docket Entry No. 7). The first Form 10-Q recites the terms of the parties' agreement and states that Global Clean paid Mobius $135,000.00 for the first three months of work under the agreement. (Docket Entry No. 7, Ex. C, March 31, 2009 10-Q, at 8). In the second Form 10-Q, Global Clean stated as follows:

> The original term of the agreement was twelve months. The scope and work under the agreement was completed in August 2008 and the agreement was terminated. . . . The Company owed Mobius $322,897 for accrued, but unpaid, compensation and costs as of March 31, 2009. *The company disputes the total of these charges and is in discussions with Mobius to resolve this liability*.

(*Id.*, Ex. D, March 31, 2010 10-Q, at 8) (emphasis added). Mobius argues that this statement in the second Form 10-Q is an admission that it complied with its obligations under the agreement and is owed for its work from March 2008 until August 2008. Mobius has submitted unpaid invoices, (Docket Entry No. 7, Ex. B), and argues that the Form 10-Q admissions and the unpaid invoices show that it is entitled to summary judgment on its claim for money due under the agreement.

Global Clean responds that Mobius has not produced evidence that it performed its obligations under the agreement, necessary to prevail on summary judgment on a breach-of-contract claim. (Docket Entry No. 10). Global Clean argues that the S.E.C. filing statements are not

2

admissions but rather disclosures of disputed liabilities required by S.E.C. regulations. In support, Global Clean points to rules from the Financial Accounting Standards Board (FASB). Under Section 405-20-40 of the FASB Rules of Procedure, a liability may only be "derecognized" "if and only if it has been extinguished." (Docket Entry No. 10, Ex. A, at 5). A liability is "extinguished" if "[t]he debtor is legally released from being the primary obligor under the liability, either judicially or by the creditor." (*Id.*). Global Clean emphasizes that in the second Form 10-Q, it explicitly stated that it disputes its liability to Mobius.[1]

Based on the motion, supplement, response, and reply; the parties' filings; and the applicable law, Mobius's motion for summary judgment is denied. The reasons are set out below.

**I.     The Legal Standards**

    **A.     Summary Judgment**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402

---

[1] Mobius filed a reply brief, (Docket Entry No. 13).

F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

The moving party bears a heavier burden when seeking summary judgment on a claim or defense on which it would bear the burden of proof at trial. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Id.* (emphasis in original); *see also Meecorp Capital Markets LLC v. Tex-Wave Industries LP*, 265 F. App'x 155, 157 (5th Cir. 2008) (per curiam) (unpublished) (quoting *Fontenot*, 780 F.2d at 1194). But "'[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more

than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769 (2007) (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348 (1986)).

### B. Breach of Contract

The agreement has a choice-of-law provision specifying Texas law. (Docket Entry No. 1, Ex. A, Services Agreement). Under Texas law, "'[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Am. Gen. Life Ins. Co. v. Kirsh*, 378 F. App'x 379, 383 (5th Cir. May 11, 2010) (citing *Smith Int'l, Inc. v. Eagle Grp. LLC*, 490 F.3d 380, 387 (5th Cir. 2007)).

## II. Analysis

Mobius relies on the contention that Global Clean's S.E.C. filings as evidence that it performed its obligations under the agreement from March 2008 to August 2008 constitute an admission that Mobius fully performed. (Docket Entry No. 13, at 4–5). The Form 10-Q explicitly states that Mobius disputes its liability under the agreement for the period from March 2008 to August 2008. (*Id.*, Ex. D, March 31, 2010 10-Q, at 8); *see also* (Docket Entry No. 10, Ex. A, Bruce Nelson Aff., at 2 ("[Global Clean] disputes any liability on the Mobius Services Agreement.")). Global Clean's statement in the Form 10-Q is not an admission. As Mobius points out, the FASB rules require it to list its agreement with Mobius as a liability, even if it is disputed. Because the

5

only evidence Mobius has submitted to demonstrate that it performed its obligations under the agreement is the S.E.C. filings, Mobius has not shown that it is entitled to summary judgment.

**III.     Conclusion**

Mobius's motion for summary judgment, (Docket Entry No. 7), is denied.[2]

SIGNED on February 7, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[2] Global Clean filed objections to the exhibits Mobius attached to its initial motion for summary judgment on the basis that Mobius failed to properly authenticate them, (Docket Entry No. 9). This motion is denied as moot. Because of Global Clean's objection, Mobius filed a supplemental brief in support of its motion for summary judgment, which included an affidavit authenticating these exhibits. (Docket Entry No. 11). Global Clean objected to this supplement, (Docket Entry No. 12). This motion is also denied as moot.