**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MOBIUS RISK GROUP, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-1708 |
| § | |
| GLOBAL CLEAN ENERGY HOLDINGS, § | |
| INC., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

This is a breach of contract case. The plaintiff, Mobius Risk Group, and the defendant, Global Clean Energy Holdings, entered into an agreement under which Mobius would manage a research and production program for using seed oil as a biofuel. Under the agreement, Global Clean agreed to pay Mobius a fixed retainer of $45,000.00 per month for twelve months. The agreement provided for automatic renewal after twelve months, but either party could send notice terminating the agreement sixty days before the end of the twelve-month period or before the end of any six-month renewal period. (Docket Entry No. 1, Ex. A, Services Agreement).

Global Clean made the monthly payments from August 2007 until February 2008 and then stopped. The initial twelve-month period ended "in or about August 2008." (Docket Entry No. 7, at 3). Mobius alleges that because Global Clean failed to provide notice terminating the agreement sixty days before the twelve-month period expired, the agreement automatically renewed for an additional six months. Mobius asserts that it is entitled to contract damages for Global Clean's failure to pay the retainer from March 2008 until August 2008 of the initial twelve-month term, and for Global Clean's failure to pay the retainer from August 2008 to January 2009 of the subsequent

six-month term. Global Clean counterclaimed, alleging that Mobius had failed to perform the contract, causing damages "estimated at $2,936,204.70." Global Clean argues that the parties' agreement did not renew in August 2008, despite the lack of a timely termination notice, because of Mobius's prior breach. (Docket Entry No. 25, First Amended Answer, at 3–4).

The deadline to amend pleadings was November 5, 2010. (Docket Entry No. 23). Mobius has moved for leave to amend its pleadings to assert a fraud claim and to add Global Clean's CEO, Richard Palmer, as a defendant. (Docket Entry No. 43). Mobius attached a proposed amended complaint and excerpts from Palmer's deposition to its motion for leave to amend. Global Clean responded, (Docket Entry No. 48), and Mobius replied, (Docket Entry No. 50). The parties presented argument on the motion in a pretrial hearing held on May 19, 2011.

In May, June, and November 2008, Palmer sent emails assuring Mobius that Global Clean would pay the $45,000.00 monthly retainers that had stopped in February 2008. The emails stated that the retainers had not been paid because Global Clean was waiting to be paid on other contracts. (Docket Entry No. 43, Ex. A, Email Chain). In his deposition, Palmer testified that Global Clean's intent to pay did not extend beyond "what we believe[d] we owed them." (Docket Entry No. 43, Ex. B, Richard Palmer Depo., 301) He testified that the amount Global Clean believed it owed was less than the retainers it had not paid. (*Id.*, 301–02). None of Palmer's emails to Mobius contained such limiting or qualifying language. (*Id.*, 303). Mobius asserts that this testimony shows that Palmer and Global Clean fraudulently induced Mobius to continue performing under the agreement despite nonpayment. (Docket Entry No. 43, Ex. C, Proposed Amended Complaint, ¶ 15).

Based on the motion, response, and reply; the parties' attachments; and the applicable law, Mobius's motion for leave to amend is granted. The reasons are set forth below.

**I.     The Legal Standards**

    **A.     Leave to Amend**

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party before a responsive pleading is served. FED. R. CIV. P. 15(a) After a responsive pleading is served, the party may amend only "with the opposing party's written consent or the court's leave." *Id.* Although a court "should freely give leave when justice so requires," *id.*, leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S. D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996).

Rule 16(b) states that scheduling orders "may be modified only for good cause and with the judge's consent." The "good cause" standard, rather than the "freely given" standard of Rule 15(a), governs a motion to amend which is filed after the deadline set in the scheduling order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003); *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); *Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154–55 (1st Cir. 1992); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Trial

courts need "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quotations omitted). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419; *see also Johnson*, 975 F.2d at 610 ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, [and] disrupt the agreed-upon course of the litigation."); *Riofrio Anda*, 959 F.2d at 1155 (finding that permitting amendment under Rule 15(a) after scheduling order cutoff "would have nullified the purpose of Rule 16(b)(1)"). If amending the pleadings would, in effect, require amendment of the scheduling order, both Rule 15 and Rule 16 apply.

The "good cause" standard of Rule 16 focuses on the diligence of the party asking the court to modify the scheduling order. *Parker*, 204 F.3d at 340; *In re Milk Prods.*, 195 F.3d at 437; *Johnson*, 975 F.2d at 609. The absence of prejudice to the nonmovant is relevant to Rule 15(a) but does not satisfy the "good cause" requirement. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 199). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters.*, 315 F.3d at 535 (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). In the context of a motion for leave to amend, the court may deny the motion if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quotations omitted); *see also Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to

4

amend a complaint to include claims based on same facts); *Sosa*, 133 F.3d at 1419 (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker*, 204 F.3d at 340–41 (same).

If a movant establishes good cause to extend the pretrial scheduling order, the court then decides whether to grant leave to file the amended pleading under Rule 15(a). *See Johnson*, 975 F.2d at 608; *see also S & W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). In deciding whether to grant leave to file an amended pleading under Rule 15(a), a district court may consider factors such as undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

To determine "futility," the Fifth Circuit applies "'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with pleading requirements, which generally require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S.

41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63 ("*Conley*'s 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544). The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

    **B.**    **Fraud**

The elements of fraud in Texas are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

"A 'mere failure to perform a contract is not evidence of fraud.'" *U.S. Quest Ltd. v. Kimmons*, 228 F.3d 399, 403 (5th Cir. 2000) (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). But "[a] promise of future

performance may form the basis of a fraud claim if the promise was made with no intention of performing at the time the promise was made." *Dynegy, Inc. v. Yates*, --- S.W.3d ----, No. 04-10-00041-CV, 2011 WL 646571, at *10 (Tex. App.—San Antonio Feb. 23, 2011, no pet.) (citing *Formosa Plastics*, 960 S.W.2d at 48); *see also Tony Gullo Motors I, LP v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006) ("A contractual promise made with no intention of performing may give rise to an action for fraudulent inducement."). Representations made after contract formation may form the basis for a fraud claim. *Kajima Int'l v. Formosa Plastics Corp.*, 15 S.W.3d 289, 292–93 (Tex. App.—Corpus Christi 2000, pet. denied); *see also Regus Mgm't Grp., LLC v. Int'l Bus. Machine Grp.*, Civ. A. No. 3:07-CV-17990-B, 2008 WL 1836360, at *7 (N.D. Tex. Apr. 24, 2008) (finding that the plaintiff's allegations that the defendant fraudulently induced it to continue performance under the contract states a claim for relief under Texas law even though "the only damages sought are identical to the economic loss recoverable under a breach of contract claim"); *Am. Chiropractic Clinics, P.C. v. Spence*, No. 05-93-01971, 1995 WL 731786, at *6–7 (Tex. App.—Dallas Dec.11, 1995, writ denied) (approving jury instruction on fraudulent inducement based on inducement to continue to perform a written agreement). "However a party's asking another party for continued performance will only trigger submission of a fraud question when the party makes a knowingly fraudulent misrepresentation to induce that performance." *Kajima Int'l*, 15 S.W.3d at 293; *see also Dynegy*, --- S.W.3d. ----, 2011 WL 646571, at *10 ("Evidence must be presented that a representation was made with the intent to deceive, and with no intention of performing as represented, at the time the representation was made." (citing *Formosa*, 960 S.W.2d at 48; *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986)). "The speaker's intent at the time of the representation may be inferred from the speaker's subsequent acts after the representation was

made." *Dynegy*, --- S.W.3d. ----, 2011 WL 646571, at *10 (citing *Spoljaric*, 708 S.W.2d at 434). "'Slight circumstantial evidence of fraud, when considered with the breach of promise to perform, is sufficient to support a finding a fraudulent intent.'" *Spoljaric*, 708 S.W.2d at 435 (quoting *Maulding v. Niemeyer*, 241 S.W.2d 733, 738 (Tex. Civ. App. 1951)); *see also Travelers Exploration Co. v. Nomeco Oil & Gas Co.*, 30 F.3d 1490, 1994 WL 397633, at *3 (5th Cir. July 11, 1994) (unpublished table decision) ("Slight circumstantial evidence is sufficient to establish a finding of fraudulent intent" (internal quotations omitted)).

## II. Analysis

Mobius has shown good cause to amend its complaint. Mobius did not learn the basis for its fraud claim until it had the opportunity to depose Palmer, who testified that he did not intend to pay any more than "what I believe[d] . . . [wa]s due." (Docket Entry No. 43, Ex. B, Richard Palmer Depo., p. 301). New information learned during discovery is good cause to amend under Rule 16. *Parker*, 204 F.3d at 340 (upholding court's grant of leave to amend because the dates learned during discovery were necessary to form a sufficient pleading); *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 853 (E.D. Tex. 2004) (granting leave to amend because discovery revealed that additional products might have been infringed in a patent suit); *Udoewa v. Plus4 Credit Union*, CIVA H-08-3054, 2010 WL 1169963, at *2–3 (S.D. Tex. Mar. 23, 2010) (granting leave to amend to add claim based on deposition testimony). Mobius moved for leave to assert the fraud claim three weeks after taking Palmer's deposition. The record does not suggest that Mobius knew or could have known that Palmer never intended to pay Mobius the full amount owed under the contract without his deposition testimony. To the contrary, the emails Palmer sent Mobius repeatedly stated

that Mobius would be "paid in full." (Docket Entry No. 43, Ex. A, May 20, 2008 email). Rule 16(b) is satisfied.

The Rule 15(a) factors also favor granting leave to amend. Mobius's proposed amendment adds claims arising from the same factual circumstances and it is efficient to resolve its fraud claim with the contract claims already asserted. There is little risk of burdensome additional discovery because Mobius's fraud claim is based on the same core of facts as the contract claims it has already asserted. Neither Global Clean nor Palmer alleges bad faith.

Global Clean contends that the proposed fraud claims are futile. They are not. Palmer's deposition shows a basis for the fraud claims against Global Clean and Palmer. The deposition testimony shows that Palmer's May, June, and November 2008 representations that Global Clean would pay the amounts it owed under the contract were false when Palmer made them because he did not intend to pay Mobius the retainer amounts under the contract. There is a plausible basis to infer that Palmer represented that he and Global Clean intended to pay Mobius the full amount due under the contract to induce continued performance by Mobius in spite of Global Clean's failure to pay the past due monthly retainers. There is also a plausible basis to infer that Mobius relied on Palmer's representations by continuing performance despite nonpayment. Texas law recognizes that fraud includes a promise made to induce additional performance when there is no intent to fulfill the promise. *Kajima Intern.*, 15 S.W.3d at 292–93; *Regus Mgm't Grp.*, 2008 WL 1836360, at *7; *Am. Chiropractic Clinics*, 1995 WL 731786, at *6–7. Palmer's deposition testimony provides circumstantial evidence of fraud. *Safety Anchor Prods., Inc. v. Pauree*, No. 08-01-00341-CV, 2003 WL 152829, at *2 (Tex. App.—El Paso Jan. 23, 2009, no pet.) (finding that testimony by a

company's agent that he misrepresented the company's intent to pay a contractual obligation is circumstantial evidence of fraud). Mobius's proposed amendment is not futile.

Global Clean also contends that adding Palmer to the litigation is futile because this court may not have personal jurisdiction over him. Palmer is a California resident. Courts have recognized that in the context of a personal-jurisdiction challenge to a motion for leave to amend, a court should presume it has personal jurisdiction. *See Hershey Pasta Grp. v. Vitelli-Elvea Co.*, No. CIV.A.95-231, 1995 WL 862016, at *4 (M.D. Pa. June 27, 1995) ("Because the court conceivably could have personal jurisdiction over [the proposed defendants], the court cannot find that joining these two parties would be an exercise in futility."); *Metex Mfg. Corp. v. Manson Envtl. Corp.*, No. CIV.A.05-2948, 2008 WL 474100, at *4 (D.N.J. Feb. 15, 2008) (finding that a decision on the issue of personal jurisdiction, in the context of a motion to amend a complaint, was premature because the parties had not submitted affidavits or other jurisdictional evidence; the Court should presume that it had jurisdiction over the proposed defendant); *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (granting motion to amend to add individual defendants but noting its "doubts" concerning personal jurisdiction); *Mylan Pharms., Inc. v. Kremers Urban Dev.*, No. CIV.A.02-1628, 2003 WL 22711586, at *4 (D. Del. Nov. 14, 2003) (declining to deny leave to amend based on challenge to personal jurisdiction since "[t]here is no requirement that a plaintiff allege the facts that support a finding of personal jurisdiction in a complaint" and "the parties have not yet developed a record on the possible contacts [the proposed defendants] may or may not have in the [forum state]"); *Speedsportz, LLC*, No. 07-CV-624-TCK-SAJ, 2008 WL 4632726, at *2 (N.D. Okla. Oct. 17, 2008) (declining to resolve a personal jurisdiction challenge to a motion for leave to amend so that the issue can be decided on a "fully briefed" motion to dismiss even though the court "ha[d] concerns"

as to personal jurisdiction); *Wolfson v. Lewis*, 168 F.R.D. 530, 534 (E.D. Pa. 1996) (holding that the court would not rule on whether it lacked personal jurisdiction over the additional defendants because there was insufficient evidence and the issue should be presented in a motion to dismiss). Global Clean's assertion that this court may not have personal jurisdiction over Palmer does not provide a basis to refuse Mobius's motion for leave to amend.

## IV. Conclusion

Mobius's motion for leave to amend and file its First Amended Complaint is granted. The amended complaint is deemed filed as of this date.

SIGNED on June 6, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge